IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18cr340-SRW |
| | ) | |
| CHRISTOPHER LARON GREASHAM, JR. | ) | |

## **ORDER**

Pursuant to the defendant's notice of intent to change plea (Doc. 15) filed on January 28, 2019, it is hereby

ORDERED that the defendant, CHRISTOPHER LARON GREASHAM, JR, shall appear with counsel before United States Magistrate Judge Gray M. Borden on March 12, 2019 at Soldier Service Center, Building 5700, Fort Rucker, Alabama to enter a change of plea. It is further

ORDERED that the government shall provide to the court a copy of any plea agreement no less than two days prior to the time set for the change of plea proceeding.

Counsel for the defendant is **DIRECTED** to confer with the defendant prior to the proceeding set in this order and: (1) advise the defendant about the Sentencing Guidelines, and the fact that while the Sentencing Guidelines are no longer mandatory the Guidelines remain an important factor which the court will consider in determining a reasonable sentence; (2) advise the defendant that in determining a reasonable and appropriate sentence, the court will consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in addition to the Guidelines; and (3) explain to the defendant each of those factors specifically, including (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; (c) the need for deterrence; (d) the need to protect the public; (e) the need to provide the defendant with needed educational or vocational training or medical care; (f) the kinds of sentences available; (g) the need to avoid unwanted sentencing disparities; and (h) the need to provide restitution to victims.

It is further

ORDERED that the trial of this case is CONTINUED generally. While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 838 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The court concludes, based upon the pleadings, its knowledge of this case, and defendant's notice of intent to change plea, that the ends of justice will be served by continuing this case.

Done, on this the 1st day of February, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge